Filed 10/10/23  P. v. Rhodes CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS EARL RHODES, JR.,<br><br>    Defendant and Appellant. | H050010<br>(Santa Clara County<br>Super. Ct. No. C1351929) |

Defendant Thomas Earl Rhodes, Jr. appeals from the order entered after the trial court recalled his sentence and resentenced him pursuant to former Penal Code section 1170, subdivision (d), now renumbered section 1172.1.  (Undesignated statutory references are to the Penal Code.)  As explained here, we will affirm the resentencing order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rhodes was charged by information in 2015 with six counts of second degree robbery (§ 211).  (We omit the facts of the offenses as they are not relevant to the analysis and disposition of the appeal.)  The information also alleged four prior strike convictions for robbery (§§ 667, subds. (b)–(i), 1170.12) and two prior serious felony convictions (§ 667, subd. (a)).  Without a negotiated disposition, Rhodes pleaded no contest to the substantive charges and he admitted the strikes and the prior serious felonies alleged.  In connection with the sentencing hearing, Rhodes moved to dismiss

the four strikes under *People v. Superior Court (Romero)* (1996) 13 Cal 4th 497 and section 1385, citing the trauma of growing up with an alcoholic father.

At sentencing in 2016, the trial court partially granted the *Romero* motion by dismissing three of the four strikes. The court then imposed a 30-year prison sentence composed of: the upper term of five years on count 1 (doubled for the remaining strike); consecutive sentences on counts 2 through 6 of one year each (also doubled); plus consecutive five-year terms for each of the prior felony allegations under section 667, subdivision (a). Rhodes did not appeal the judgment.

In January 2020, the Department of Corrections and Rehabilitation sent a letter to the trial court recommending recall of Rhodes's sentence pursuant to former section 1170, subdivision (d). The letter explained that although at the time Rhodes was sentenced, consecutive five-year enhancements were mandatory for the section 667, subdivision (a)(1) prior serious felony convictions, the amended statute now authorized courts to exercise discretion to strike prior serious felony allegations.

In a court filing supporting recall and resentencing, Rhodes described his history of abuse and trauma due to his father's severe alcoholism. The brief recounted Rhodes's recollections of abuse, and argued that his criminal conduct was connected to childhood trauma. Rhodes also noted changes to the determinate sentencing statute since his original sentencing. He contended that under newly added section 1170, subdivision (b)(2) he could no longer be sentenced to an upper term because no aggravating circumstances had been "pled or proven." He also argued for the low term under newly added section 1170, subdivision (b)(6) because childhood abuse and trauma contributed to his crimes.

At the resentencing hearing before the same judge who originally sentenced Rhodes in 2016, Rhodes repeated his contention that the court should impose a lower-term sentence under section 1170, subsection (b)(6) because of his childhood trauma, or at most, sentence him to the midterm. The prosecutor asked the court to reimpose the 30-

2

year sentence. The prosecutor also argued that the strikes Rhodes admitted qualified as aggravating factors under section 1170, subdivision (b)(2) to support an upper-term sentence. The trial court ultimately struck the two section 667, subdivision (a) prior felony enhancements, but kept intact the upper-term sentence on count 1 and the consecutive sentences on the remaining counts, for a total revised term of 20 years. The trial court struck those enhancements "in the interest of justice" citing Rhodes's good behavior, his assistance to others, his remorse, and his sobriety. The court found the strikes Rhodes admitted were proper factors in aggravation under the revised sentencing law to justify the upper term on count 1, and that the strikes outweighed the mitigating circumstances, "which would be your age, your good work in prison and the support that you have." The trial court did not mention childhood trauma, nor the standards for considering a lower-term sentence set forth in section 1170, subsection (b)(6).

## II. DISCUSSION

Rhodes argues on appeal that the trial court abused its discretion when it failed to consider his history of childhood abuse as a mitigating factor under section 1170, subdivision (b)(6). The Attorney General counters that failing to explicitly address Rhode's eligibility for a lower term under section 1170, subdivision (b)(6) was not an abuse of discretion because there was no evidence of childhood trauma in the record and the court was therefore not required to engage in that analysis.

In our review of the trial court's exercise of discretion in sentencing (see *People v. Sandoval* (2007) 41 Cal.4th 825, 847), " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*); see also *People v. Carmony* (2004)

3

33 Cal.4th 367, 377 (*Carmony*) [a sentencing court "does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it"].)

## A. Amended Sentencing Statutes

*Recall and Resentencing Under Section 1172.1*

"When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation ... , the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary ... , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced... ." (§ 1172.1, subd. (a)(1).) In enacting section 1172.1, the Legislature amended and renumbered former section 1170(d), which had contained the above-quoted language. (See *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) "[T]he resentencing authority conferred by section 1170(d) is as broad as that possessed by the court when the original sentence was pronounced," except that the new sentence may not exceed the original sentence, and the court must award credit for the time already served on the original sentence. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) "A trial court, upon receiving a section 1170, subdivision (d)(1) letter from the CDCR, has broad discretion whether to recall the existing sentence and resentence the incarcerated individual." (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 469.)

*Senate Bill No. 567*

Senate Bill No. 567 (2021–2022 Reg. Sess.) went into effect on January 1, 2022 and modified section 1170, subdivision (b) to require that circumstances in aggravation relied on to impose an upper-term sentence be found true beyond a reasonable doubt, be stipulated by the defendant, or, in the case of prior convictions, be based on a certified record of conviction. (Stats. 2021, ch. 731, § 1.3; § 1170, subd. (b)(2)–(3).)

Senate Bill No. 567 further amended section 1170, subdivision (b) by adding subdivision (b)(6), which provides: "Notwithstanding paragraph [(b)](1), and unless the

4

court finds that the aggravating circumstances outweigh the mitigating circumstances that [*sic*] the imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factors in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

### B. The Trial Court Did Not Abuse Its Discretion in Resentencing Defendant

Section 1170, subdivision (b)(6) was in effect at the time of Rhodes's resentencing in May 2022. In his briefing and argument at the hearing, Rhodes directed the trial court's attention to the requirements of section 1170, subdivision (b), put forth facts related to his childhood trauma, and argued that the trauma contributed to his offenses. He asked for a lower term sentence on count 1 specifically on that basis. We conclude Rhodes presented sufficient evidence of his childhood trauma to trigger consideration of the lower term presumption under section 1170, subdivision (b)(6).

In *Fredrickson*, the Court of Appeal held that the initial showing of the applicability of section 1170, subdivision (b)(6) can be made based on "the record and/or arguments," so long as the evidence or arguments are sufficient to show that the applicable subsection (b)(6) factor—such as childhood trauma or defendant's youth at the time of the offense—"may have been a contributing factor in commission of the underlying offense." (*Fredrickson*, *supra*, 90 Cal.App.5th at p. 994.) Rhodes was not required to present documentation to support his reports of childhood trauma. The assertions in his briefing and the arguments of counsel made clear that the trial court should consider Rhodes's eligibility for a lower-term sentence under section 1170, subdivision (b)(6).

We acknowledge that the trial court did not explicitly address childhood trauma when it resentenced Rhodes. But subdivision (b) of section 1170 does not require specific findings, other than to "set forth on the record the facts and reasons for choosing

5

the sentence imposed," which the trial court did here.  (§ 1170, subd. (b)(5).)  The court selected the upper term after identifying aggravating and mitigating circumstances, determining that the aggravating circumstances outweighed the mitigating circumstances, and further stating that the 20-year sentence was "appropriate under all the facts of the case."  Rhodes's own briefing and argument to the trial court support the conclusion that the court was aware of section 1170, subdivision (b)(6) and considered the evidence relating to its application.

On this record, we cannot say that the court failed to consider section 1170, subdivision (b)(6), or that its decision to impose the upper term notwithstanding the new provision was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

### III.  Disposition

The judgment is affirmed.

 

 

_____

Grover, J.

 

**WE CONCUR:**

 

_____

Greenwood, P. J.

 

_____

Lie, J.

 

**H050010**
***People v Rhodes***